# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY LEYVA,<br><br>Petitioner,<br><br>v.<br><br>RAUL MORALES,<br><br>Respondent. | Case No. 1:25-cv-00072-EPG-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE JUDICIAL REMEDIES<br><br>ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL |

Petitioner Michael Anthony Leyva is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## DISCUSSION

**A. Exhaustion**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based

1

on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). In the petition, Petitioner raises the following claims for relief: (1) substantial amount of media coverage; (2) prior manslaughter conviction was used overly, repeatedly, and prominently; (3) media influence over jurors; and (4) witness was not credible. (ECF No. 1 at 5.[1]) Although Petitioner asserts that "all claim[s are] clearly exhausted," the petition for review filed in the California Supreme Court did not include any of these claims. (Id. at 5, 22.) In the petition for review, Petitioner only raised the following claims: (1) instructional error; (2) abuse of discretion in declining to dismiss prior strike; and (3) imposition of fines and fees without determination of Petitioner's ability to pay. (Id. at 22.)

It is possible, however, that Petitioner has presented his claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether all his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

**B. Appointment of Counsel**

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Upon review of the petition, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

## II.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner SHALL SHOW CAUSE why the petition should not be dismissed for failure to exhaust state court remedies within **THIRTY (30) days** from the date of service of this order; and

2. Petitioner's request for appointment of counsel is DENIED.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **January 17, 2025**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

3