# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY LEYVA,<br><br>    Petitioner,<br><br>    v.<br><br>RAUL MORALES,<br><br>    Respondent. | Case No. 1:25-cv-00072-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Michael Anthony Leyva is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As Petitioner has not exhausted his state court remedies, the undersigned recommends dismissing the petition for writ of habeas corpus without prejudice for nonexhaustion.

**I.**

**BACKGROUND**

On January 15, 2025, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1.) On January 17, 2025, the Court ordered Petitioner to show cause why the petition should not be dismissed as unexhausted. (ECF No. 3.) On January 31, 2025, Petitioner filed his response. (ECF No. 4.)

///

///

1

## II.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") require preliminary review of a habeas petition and allow a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

In the petition, Petitioner raises the following claims for relief: (1) substantial amount of media coverage; (2) prior manslaughter conviction was used overly, repeatedly, and prominently; (3) media influence over jurors; and (4) witness was not credible. (ECF No. 1 at 5.[1]) Although Petitioner asserts that "all claim[s are] clearly exhausted," the petition for review filed in the California Supreme Court did not include any of these claims. (Id. at 5, 22.) In the petition for review, Petitioner only raised the following claims: (1) instructional error; (2) abuse of discretion in declining to dismiss prior strike; and (3) imposition of fines and fees without determination of Petitioner's ability to pay. (Id. at 22.) It is possible that Petitioner has presented his claims to the California Supreme Court and failed to indicate this to the Court. However, in his response to the order to show cause, Petitioner merely restated the claims he now raises in his petition and did not address exhaustion at all. Accordingly, it appears that Petitioner failed to exhaust his claims. If Petitioner has not sought relief in the California Supreme Court for the

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

### III.
### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 13, 2025**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE