UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY LEVYA,<br><br>    Petitioner,<br><br>    v.<br><br>RAUL MORALES,<br><br>    Respondent. | Case No.: 1:25-cv-0072 JLT EPG<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, TERMINATING PETITIONER'S REQUEST FOR REVIEW AS MOOT, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 7, 8) |

    Michael Anthony Levya is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The magistrate judge performed a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and found Petitioner did not exhaust his state court remedies. (Doc. 7 at 1, 2.) Therefore, the magistrate judge found "the Court cannot proceed to the merits" of the claims raised in the petition and recommended dismissal without prejudice. (*Id.* at 2-3.)

    The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 30 days. (Doc. 7.) The Court advised Petitioner that the "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 3, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Petitioner did not file objections. However, Petitioner requested the Court "review all filed legal work/ paper[s] again." (Doc. 8 at 1.)

1

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.[1] Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Petitioner does not dispute that his claims were unexhausted before the state court.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). If the Court denies a petition, it may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, Petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the present case, the Court finds Petitioner did not make the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 13, 2025 (Doc. 7) are **ADOPTED** in full.
2. Petitioner's request for review (Doc. 8) is terminated as **MOOT**.
3. The petition for writ of habeas corpus is **DISMISSED** with prejudice.
4. The Clerk of Court is directed to enter judgment and close the case.
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **May 1, 2025**

UNITED STATES DISTRICT JUDGE

---

[1] Given the Court's obligations under 28 U.S.C. § 636(b)(1), Petitioner's request for review was unnecessary.